532 P.2d 868

The STATE of Arizona, Petitioner,

v.

The Honorable Lillian FISHER, Judge of
the Superior Court In and For the County
of Pima, State of Arizona, Respondent;
and
Kenneth Lee HANNAH, Real Party
in Interest.

No. 2 CA–CIV 1843.

Court of Appeals of Arizona,
Division 2.

March 19, 1975.

Dennis DeConcini, Pima County Atty.,
by William L. Scholl, Deputy County
Atty., Tucson, for petitioner.

John M. Neis, Pima County Public De-
fender by Allen G. Minker, Assistant Pub-
lic Defender, Tucson, for real party in in-
terest.

## OPINION

PER CURIAM.

This special action proceeding challenges
the respondent court's refusal to honor pe-
titioner's request for a change of judge.
The basis for the court's ruling was that
the request was untimely. Since we agree
with petitioner's position, we deem it ap-
propriate to intervene by way of special
action.

Rule 10.2(a), Rules of Criminal Proce-
dure, 17 A.R.S., provides that in any crimi-
nal case in superior court any party shall
be entitled to request a change of judge.
A party, however, loses this right when he
agrees to the assignment of the case to a
particular judge or participates before him
in an omnibus hearing, any subsequent pre-
trial hearing, a hearing under Rule 17
(pleas ·of guilty and no contest), or the
commencement of trial. Rule 10.4(a),
Rules of Criminal Procedure.

The procedural posture of the instant
case is not disputed. The only question
presented is whether petitioner lost its
right to a change of judge because of "the
commencement of trial." The case was set
for trial at 1:30 p. m. on February 27,
1975. The court announced that that was

the time set for trial whereupon defense counsel requested a continuance. After much discussion, the court set the matter for trial the following morning. The prosecutor then asked the respondent judge:

"Your Honor, it is my understanding now at this time this trial will be heard before this Court tomorrow?"

The judge responded:

"Just as though it is continuing the trial.

I will deem the trial as having started now."

The prosecutor then indicated he was filing a motion for a change of judge whereupon the respondent judge refused to honor it on the grounds of lack of timeliness.

Rule 10.4(a) refers to "commencement of trial." For purposes of determining the timeliness of a peremptory challenge of the judge, the trial commences when the jurors are called into the jury box for examination as to their qualifications. Sam v. State, 33 Ariz. 383, 265 P. 609 (1928); People v. Scott, 63 Ill.App.2d 232, 211 N.E.2d 418 (1965); 75 Am.Jur.2d Trial § 3 (1974). Here the jury had not yet been called into the jury box for examination and therefore, notwithstanding the fact that the respondent judge deemed the trial to have started, it had not commenced so as to preclude petitioner from peremptorily challenging the judge. Under these circumstances, the respondent judge could proceed no further, except to make such necessary temporary orders in the interest of justice before the action could be transfered to another judge. Rule 10.6, Rules of Criminal Procedure.

Since petitioner's request for a change of judge was timely, the respondent judge was precluded from conducting the trial on February 28, 1975.

The state's petition is therefore granted, and the respondent court is directed to honor the motion for a change of judge and to transfer this action in the manner prescribed by the Rules of Criminal Procedure.